FIRST CITIZENS NATIONAL BANK, Appellee, v. NATIONAL COTTONSEED PRODUCTS CO., et al., Appellant.

Western Section.   December 6, 1930.

Petition for Certiorari denied by Supreme Court April 5, 1930.

R. E. Rice and Walter S. Draper, of Dyersburg, for appellant.
Latta & Latta, of Dyersburg, for appellee.

HEISKELL, J. This suit was brought in the Chancery Court of Dyer County, Tennessee, by a bill filed on June 17, 1927, by the complainant, First Citizens National Bank, against the National Cottonseed Products Corporation and the Churchill Gins, to recover the value of certain seed cotton alleged to have been purchased by the gins of the defendants from one C. Hicks during the fall of 1926. It is alleged that the complainant is entitled to recover the value of said cotton up to the amount of $474.45 which is claimed to be the balance due the complainant for the year 1926 by said C. Hicks; that the complainant had a lien on the crop for said rent for the year 1926; that Hicks lacked the sum of $474.45 of paying his rent; and that the defendants, as purchasers of part of the crop are liable under the statute, to the complainant for the value of the cotton purchased from Hicks by them up to the amount of the unpaid portion of the rent.

The defendants filed their answer and denied all the material allegations of the bill, putting the complainant to the proof on the whole case, and also denying that the complainant had any right to recover of the defendants, or either of them, in this cause for any reason, upon any ground and for any amount. Defendants also raised the question that the cotton checks paying for this cotton which they bought from Hicks were all drawn on the complainant, First Citizens National Bank and that Hicks went to the complainant and presented said checks and cashed them and put the money

in his pocket and went off with it instead of paying his rent. That it was the duty of the bank as Trustee of the Walter Little estate to collect this rent out of this crop, and that they should have applied this money to the payment of this rent, instead of paying it to Hicks; and having so carelessly and negligently administered their trust, as to permit this man to take this money, when they had it in their own hands, they cannot now be heard to complain and collect it out of these defendants a second time. If they had been diligent and careful in the administration of their trust, they would have collected this money from Hicks and applied it on his rent instead of paying it to him and permitting him to get away with it. In the absence of the proper care on their part they cannot now collect this money out of these defendants, because they themselves are the direct cause of this rent being uncollected.

The case was tried at the January term, 1929, of the Chancery Court of Dyer County before the court and a jury, upon the evidence taken by the complainant alone, the defendant offering no proof. The case went to the jury upon certain issues submitted to them, and upon their return of a verdict, the defendants moved the court for a new trial. This motion was overruled and the court pronounced a decree against the defendants for $474.45 and costs of suit. From this decree the defendants have appealed to this court.

The assignments of error are as follows:

"I. There is no evidence to support the verdict of the jury.

"II. The court erred in overruling and disallowing the defendant's motion for a directed verdict in their favor made at the close of all of the evidence in the case.

"III. The court erred in declining to submit the case to the jury upon the issue tendered by the defendants to the effect that the complainant could not recover in this case for the reason that by their own fault and negligence and carelessness, this rent was not collected by them, when they had every opportunity to collect it by reason of the fact that the checks which were issued by defendants in payment of the cotton purchased from Hicks by them, were taken by Hicks to the complainant Bank, and instead of applying the same to the payment of the rent, which it was their duty to do as Trustee, they cashed said checks and paid the money to Hicks and thus permitted him to get away with the money. Under these circumstances, being themselves responsible for the loss of the rent, the complainant cannot recover it from these defendants in this suit.

"IV. The court erred in pronouncing any judgment and decree against the defendants herein, even if the verdict of the jury upon the issues of fact submitted to them be sustained by the evidence.

"V. The complainant is not entitled to recover anything from these defendants in this suit, regardless of the verdict of the jury."

The jury found that defendant purchased from C. Hicks, the tenant, enough cotton raised on the Little land to pay the amount sued for. The first and second assignments of error assert that there is no evidence in the record to support this finding.

Mr. Watkins was trust officer of the bank. He testifies that he examined the gin books of defendant and found that Hicks had sold the cotton, also that he knew the signature of Hicks and that he endorsed the checks given him by defendant for the cotton. Then it is contended that there is no proof that the cotton was grown on the Little land. It is pointed out that Talmadge Hicks, son of C. Hicks, the tenant, being called as a witness by complainant, testified:

"Q. On what land did your father make a cotton crop in 1926? A. His land. Mrs. Walter Little's."

A little further on, the witness is asked:

"Q. Did he make a cotton crop on any other land in that year? A. Not that I know of."

This makes it evident that when the witness said "His land—Mrs. Walter Little's," he meant the Little land rented by his father and the jury were warranted in so understanding. Besides, the defendant offered no proof and if defendant bought no cotton from the tenant, or the cotton bought was not raised on this land, the defendant could have shown it.

The next contention of defendant under the second, fourth, and fifth assignments is that the complainant has no right to maintain this suit.

Under the will of J. W. Little the Citizens Bank was appointed as Trustee, and while the will states the name of that bank as the Citizens National Bank, there could be no doubt as to the intention of the testator to name as Trustee, that corporation existing at that time as the Citizens Bank at Dyersburg, calling it the Citizens National Bank was merely a clerical error. When the Citizens Bank was merged with the First National Bank, the duties devolving upon it as Trustee passed to the First Citizens National Bank. The lease contract above referred to having been made in the name of the Trustee of the estate, it does not lie within the mouth of C. Hicks or any claimant holding under him to question the trusteeship.

There was no one who could make the point as to this trusteeship except the two beneficiaries under the will, to-wit, Ronald Little, a lawyer in Dyersburg, and his mother, both of whom are sui juris, and both of whom are entirely satisfied that complainant is the trustee authorized to act under the will.

The transcript of another proceeding is set out in this record by which it is shown that this complainant filed a bill in the Chancery Court of Dyer County some time before the present suit, to which bill the beneficiaries under the will were made defendants and in which the facts were set out as to the mistake in name, Citizens National Bank, instead of Citizens Bank and the later consolidation with the First National Bank, and the decree settled the right of complainant as trustee under the will of Walter Little. No objection can be urged by the defendant to this suit being maintained in the name of complainant as such trustee.

The third assignment is that complainant should not be allowed to recover because the checks given to C. Hicks by defendant for the cotton purchased were drawn on the complainant bank and that it was carelessness on the part of the bank as trustee to pay these checks without requiring the payment of the rent by the tenant.

R. S. Watkins, the vice-president and trust officer of the bank in his testimony explains that the checks were presented to the commercial side of the bank which is distinct from the trust department, and were paid by the teller without any knowledge of the trust officer of the bank. Besides, the reply is made that under Shannon's Code (Supplement of 1926) Sec. 5302 A 3 the burden is placed upon the purchaser from the tenant, to protect himself, if he pays by check, by making the check payable to the landlord and tenant jointly. The statute gives protection to both purchaser and landlord. It even provides that such check may not be cashed without the endorsement of the landlord.

All assignments of error are overruled and the judgment of the lower court is affirmed at cost of defendant.

Owen and Senter, JJ., concur.